UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN LITWIN,<br><br>        Plaintiff,<br><br>    v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:23-CV-01885 DJC-CSK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>(ECF No. 20) |

Defendant Westchester Surplus Lines Insurance Company moves to compel Plaintiff Jan Litwin to make his initial disclosures and to respond to Defendant's interrogatories and requests for production of documents, and to deem admitted Defendant's requests for admission.[1] Def. Mot. Compel (ECF No. 20, 20-14). Pursuant to Local Rule 251(e), Defendant's motion is excepted from the requirement for a Joint Statement re Discovery Disagreement and was noticed for an April 30, 2024 hearing. *See* E.D. Cal. L.R. 251(e); Def. Mot. at 2 (ECF No. 20-14); Declaration of Karl A. Schulz (ECF No. 20-1). Though Plaintiff's response was due April 23, 2024, Plaintiff did not respond to Defendant's motion. *See* E.D. Cal. L.R. 251(e); Docket. As a result, the Court vacated the April 30 hearing and submitted the matter. (ECF No. 21) For the reasons

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

that follow, the Court **GRANTS** Defendant's motion to compel.

**I.     BACKGROUND**

On January 25, 2024, the district court entered a scheduling order requiring "all parties" to make their initial disclosures within fourteen (14) days. 1/25/2024 Scheduling Order at 2 (ECF No. 17). The district court also ordered "all parties" to file a Joint Mid-Discovery Statement by February 16, 2024. *Id*. at 3. Pursuant to the order, fact discovery shall be completed no later than July 5, 2024. *Id*.

On January 30, 2024, Defendant timely made its initial disclosures and also served interrogatories and requests for production of documents (RFPs) on Plaintiff. Schulz Decl., Exhs. A-C.[2] Also on January 30, 2024, Defendant requested dates to take Plaintiff's deposition in late March. Exh. D. Because Plaintiff did not respond, Defendant followed up on February 12 and 14, 2024. Exhs. E-G. Plaintiff responded on February 14, 2024, indicating that counsel was in a deposition and that Defendant "will hear from me on this when I have a chance to respond." Exh. H.

On February 16, 2024, Defendant filed a Mid-Discovery Statement and Plaintiff failed to participate in this statement, which the district court ordered to be filed as a joint statement. *See* Def. Mid-Discovery Statement (ECF No. 18); 1/25/2024 Scheduling Order at 3.

Plaintiff continued to not respond, and Defendant sent two formal meet and confer letters on March 8, 2024 regarding (1) Plaintiff's failure to serve initial disclosures and provide deposition dates; and (2) Plaintiff's failure to respond to Defendant's interrogatories and RFPs. Exhs. I, J.

On March 8, 2024, Defendant served requests for admission. Exh. K.

On March 15, 2024, Plaintiff served responses to Defendant's requests for production of documents, but did not produce any documents with the response. Exh. L. In this response, Plaintiff's counsel stated that he was unable to discuss interrogatory

---

[2]  All exhibits referenced were filed attached to the Schultz Declaration. (ECF Nos. 20-2 to 20-13).

responses with Plaintiff or obtain a verified signature because Plaintiff "travels frequently to Europe and is currently out of the country." *Id*.

## II. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007).) Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must

specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may serve requests for admission on any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either"; and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted unless a written answer or objection is served within thirty (30) days, unless otherwise agreed upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel, then the court <u>must</u> order the party "whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

///

## III. DISCUSSION

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, Plaintiff has completely failed to follow the district court's order and the Federal Rules of Civil Procedure regarding his discovery obligations.

### A. Initial Disclosures, Interrogatories, and RFPs

Plaintiff's initial disclosures were due on or by February 8, 2024 pursuant to the scheduling order in this case. 1/25/2024 Scheduling Order at 2 (ECF No. 17); *see* Fed. R. Civ. P. 26(a)(1). As of the filing of Defendant's motion on April 16, 2024, Plaintiff had not made his initial disclosures, in violation of the district court's order. *See* Def. Mot. at 4-5. The Court orders Plaintiff to make his initial disclosures within seven (7) days of this order. Plaintiff is warned that if a party "fails to provide information or identify witnesses as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant's interrogatories and RFPs were served electronically and by mail on January 30, 2024, making Plaintiff's responses due on or by March 1, 2024.[3] Exhs. B, C; Fed. R. Civ. P. 33(b)(2), 34(b)(2). As of the filing of Defendant's motion on April 16, 2024, Plaintiff had not served any interrogatory responses. *See* Def. Mot. at 3-4. Though Plaintiff did respond to the RFPs on March 15, 2024 (Exh. L), as of the filing of Defendant's motion, Plaintiff had not produced any documents. *See* Def. Mot. at 4.

The Court orders Plaintiff to serve complete and full responses to Defendant's interrogatories without objection within seven (7) days of this order, and to produce

---

[3] This is calculated based on electronic service of Defendant's written discovery. Exh. B, C. If there was no agreement as to electronic service, Plaintiff's responses were due three (3) days later, on March 4, 2024. This does not change the analysis given Plaintiff's failure to respond.

5

documents responsive to Defendant's RFPs within fourteen (14) days of this order. Due to Plaintiff's complete failure to respond to Defendant's interrogatories and to oppose Defendant's motion, Plaintiff has waived any objection to Defendant's interrogatories. *See In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1 (N.D. Cal. Oct. 31, 2022); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021).

Plaintiff is reminded of his duty to prosecute his case, comply with court orders,[4] and participate in discovery. If Plaintiff continues to fail to prosecute his case, comply with court orders, or participate in discovery, Plaintiff may face serious sanctions, including dismissal. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders," including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir.

---

[4] In addition to violating the district court's scheduling order regarding initial disclosures, Plaintiff also violated the order by failing to participate in and file a Joint Mid-Discovery Statement, which was due by February 16, 2024. *See* Def. Mid-Discovery Statement; 1/25/2024 Scheduling Order at 3.

1  2006). The choice of sanction, including dismissal, is within the discretion of the court.
2  *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D.
3  Cal. L.R. 110 (noting the failure of a party to comply with any local rule or order of the
4  court may result in the imposition of "any and all sanctions authorized by statute or Rule
5  or within the inherent power of the Court").

6  **B.     Defendant's Requests For Admission**

7  Defendant's requests for admission were served electronically and by mail on
8  March 8, 2024, making Plaintiff's responses due on or by April 8, 2024. Exh. K; Fed. R.
9  Civ. P. 36(a)(3). As of the filing of Defendant's motion on April 16, 2024, Plaintiff had not
10 responded to the requests for admission. *See* Def. Mot. at 5-6. Based on Plaintiff's
11 failure to timely respond, Defendant requests that the matters be deemed admitted
12 pursuant to Rule 36(a)(3).

13 At this time, the Court exercises its discretion and declines to deem the matters
14 admitted, instead providing Plaintiff with a final opportunity to respond. The Court instead
15 orders Plaintiff to serve his responses to Defendant's requests for admission within
16 seven (7) days of this order. Plaintiff is warned that the failure to respond to Defendant's
17 requests for admission will result in the matters being deemed admitted. *See* Fed. R.
18 Civ. P. 36(a)(3).

19 **C.     Requirement for Plaintiff to File Discovery Status Report**

20 The Court further orders Plaintiff to file a written status report within fourteen (14)
21 days of this order regarding his compliance with this order in making his initial
22 disclosures, serving complete and full interrogatory responses without objections,
23 producing documents responsive to Defendant's RFPs, and serving responses to
24 Defendant's requests for admission. The status report shall describe the manner and
25 date of service of each of these items.

26 **D.     Rule 37 Expenses**

27 If a court grants a motion to compel, it also must award the moving party its
28 reasonable expenses in making the motion, including attorneys' fees unless:  the moving

7

party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984).)

Here, awarding reasonable expenses is mandatory as none of the exceptions have been established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Defendant made several good faith attempts to get Plaintiff to make his initial disclosures and respond to Defendant's written discovery requests. With the exception of responding two weeks late to Defendant's RFPs without producing documents, Plaintiff has completely failed to meet his discovery obligations and to follow the district court's order requiring initial disclosures and a Joint Mid-Discovery Statement. Plaintiff also failed to respond to Defendant's motion to compel, waiving any objection to Defendant's motion.

Defendant has not, however, provided information needed for the Court to determine the amount of expenses. The Court therefore orders Defendant to file and submit its reasonable expenses in making the motion, including attorney's fees, within fourteen (14) days of this order. Defendant must include sufficient detail, including the number of hours spent in making the motion, counsel's hourly rate, counsel's experience, and the prevailing market rate in this district (the Eastern District of California) for attorneys of comparable experience.

Plaintiff will be provided with the opportunity to respond to Defendant's submission on reasonable expenses and to be heard regarding the award of reasonable expenses under Rule 37(a)(5). Plaintiff may file a response within seven (7) days after the filing of Defendant's submission, and a failure to timely respond by Plaintiff will be construed as a non-opposition to the award of reasonable expenses under Rule 37(a)(5).

**ORDER**

As discussed above, the Court **GRANTS** Defendant's motion to compel, and **ORDERS**:

1. Within seven (7) days of this order, Plaintiff shall make his initial disclosures, serve his complete and full responses to Defendant's interrogatories without objection, and serve his responses to Defendant's requests for admission;

2. Within fourteen (14) days of this order, Plaintiff shall produce documents responsive to Defendant's RFPs.

3. Within fourteen (14) days of this order, Plaintiff shall file a written status report regarding his compliance with this order in making his initial disclosures, serving complete and full interrogatory responses without objections, producing documents responsive to Defendant's RFPs, and serving responses to Defendant's requests for admission. The status report shall describe the manner and date of service of each of these items;

4. Within fourteen (14) days of this order, Defendant shall file and submit its reasonable expenses in making the motion to compel, including attorney's fees; and

5. Within seven (7) days after the filing of Defendant's submission of its reasonable expenses, Plaintiff may file a response.

Dated: May 10, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE