UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN LITWIN,<br><br>        Plaintiff,<br><br>    v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:23-cv-01885 DJC CSK<br><br>ORDER GRANTING RULE 37 EXPENSES<br><br>(ECF Nos. 22, 23) |

On May 10, 2024, the Court granted Defendant Westchester Surplus Lines Insurance Company's motion to compel Plaintiff Jan Litwin to make his initial disclosures, to respond to Defendant's interrogatories and requests for admission, and to produce documents in response to Defendant's requests for production of documents.[1] (ECF No. 22.) In granting Defendant's motion, the Court ordered Defendant to submit its reasonable expenses in making its motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5). *Id*. Defendant has now done so. (ECF No. 23.) Though the Court's order also provided Plaintiff with the opportunity to respond to Defendant's reasonable expenses (ECF No. 22 at 8, 9), Plaintiff has not responded.

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

## I. Background

On April 16, 2024, Defendant filed a motion to compel. (ECF No. 20.) Pursuant to Local Rule 251(e), Defendant's motion was excepted from the requirement for a Joint Statement re Discovery Disagreement and was noticed for hearing for April 30, 2024. *Id.* Plaintiff did not respond to the motion. As a result, the Court vacated the hearing and took the matter under submission. (ECF No. 21.)

On May 10, 2024, the Court granted the motion to compel in full. (ECF No. 22.) Plaintiff was ordered to make his initial disclosures, serve his complete and full responses to Defendant's interrogatories without objection, serve his responses to Defendant's requests for admission, and produce documents responsive to Defendant's requests for production of documents. *Id.* Plaintiff was further ordered to file a written status report by May 24, 2024 regarding his compliance with the Court's order in making his initial disclosures, serving complete and full interrogatory responses without objections, producing documents responsive to Defendant's requests for production of documents, and serving responses to Defendant's requests for admission. *Id*. at 9. Because Defendant had not provided the Court with sufficient information to determine the amount of expenses in making the motion, the Court ordered Defendant to file and submit its reasonable expenses, including attorney's fees. *Id*. The Court's order also provided Plaintiff with the opportunity to respond to Defendant's reasonable expenses. *Id*. at 8, 9.

On May 20, 2024, Defendant timely submitted his reasonable expenses in making the motion to compel. (ECF No. 23.) Though Plaintiff was provided with the opportunity to respond to Defendant's submission on reasonable expenses, Plaintiff did not respond. (*See* Docket.) To date, Plaintiff has also not filed a status report regarding his compliance with the Court's May 10, 2024 discovery order.

## II. Discussion

If a court grants the motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless: the moving

2

party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984).)

Under Rule 37, awarding reasonable expenses is mandatory here as none of the exceptions are established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). As the Court established in its May 10, 2024 Order, Defendant made several good faith attempts to obtain Plaintiff's initial disclosures and responses to Defendant's written discovery requests. (ECF No. 22 at 8.) Plaintiff completely failed to timely meet his discovery obligations, follow the district court's order requiring initial disclosures and to respond to Defendant's motion to compel. *Id*. Accordingly, awarding reasonable expenses to Defendant is required here. Moreover, the Court notes that Plaintiff has failed to file a written status report by May 24, 2024 as ordered regarding his compliance with the Court's May 10, 2024 Order. *Id.* at 9.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed

by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Defendant seeks attorney's fees in the amount of $900 based on a $300 hourly rate for three (3) hours spent to prepare the motion to compel. 5/20/2024 Declaration of Solomon Pantuch ¶ 3 (ECF No. 23). Defendant also requests $105 in filing fees. *Id*. Plaintiff did not file a response to Defendant's submission. The Court finds that three hours is a reasonable amount of time to prepare the motion to compel.

Defense counsel Solomon Pantuch has been practicing law in California since 2016. Pantuch Decl. ¶ 3. The Court finds that defense counsel's $300 hourly rate for an attorney with eight (8) years of experience to be reasonable and lower than the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Mostajo v. Nationwide Mut. Ins. Co.*, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023) (approving requested rate of $375 to a third-year attorney in the Eastern District of California); *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, 2017 WL 5665848, at *8 (E.D. Cal. Nov. 27, 2017) (awarding $350 per hour for an associate attorney); *Velasco v. Mis Amigos Meat Market, Inc.*, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013), findings and recommendation adopted, ECF No. 88 (Feb. 26, 2014) (approving a senior associate rate of $495 per hour, and a junior associate rate of $395 per hour); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452-53 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two to eight years of experience); *Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $300 and $420 per hour for associates). The Court concludes that defense counsel's request for $900 in attorney's fees, representing an hourly rate of $300 for three hours of work, is reasonable.

The Court declines to award, however, the $105 requested for filing fees because this expense was not substantiated. There is no filing fee through CM/ECF to electronically file Defendant's motion to compel, and Defendant's submission does not describe what "filing fees" were incurred. In addition, the certificate of service filed with Defendant's motion to compel indicates that the motion was served electronically, so there were no fees incurred from serving the motion. (ECF Nos. 20 at 3, 20-1 at 4, 20-14 at 7.)

The Court therefore orders Plaintiff's counsel to pay Defendant's reasonable expenses in the amount of $900.00 to Defendant within fourteen days from the date of this order.

**ORDER**

IT IS HEREBY ORDERED that:

1. Defendant is awarded its reasonable expenses to bring the motion to compel in the amount of $900.00, which Plaintiff's counsel must pay; and
2. Plaintiff's counsel shall pay these expenses to Defendant within fourteen (14) days of the date of this order.

Dated:  June 24, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, litw1885.23