1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAN LITWIN,                                No. 2:23-cv-01885-DC-CSK

12                Plaintiff,

13        v.                                    ORDER

14   WESTCHESTER SURPLUS LINES
     INSURANCE COMPANY,
15
                  Defendant.                    (Doc. Nos. 26, 28, 41)
16

17

18        This matter is before the court on Defendant Westchester Surplus Lines Insurance

19   Company's motion to dismiss due to Plaintiff's failure to comply with a court order and failure to

20   prosecute, motion to modify the scheduling, and request for a case management conference and a

21   scheduling order.[1] (Doc. Nos. 26, 28, 41.) The pending motions were taken under submission to

22   be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 35.) For the reasons discussed

23   below, the court will deny Defendant's motion to dismiss, grant its motion to modify the case

24   schedule, and grant its request for a modified scheduling order.

25   /////

26

27   ────────────────────────
     [1] Defendant captions his scheduling motion as a motion to continue trial and set status
28   conference. (Doc. No. 28.) However, a trial date is presently not set in this action. (Doc. No. 38.)
     Accordingly, the court will construe Defendant's motion as a motion to modify the case schedule.

                                              1

1  **BACKGROUND**

2       On January 25, 2024, the court issued a scheduling order requiring the parties to make

3  their initial disclosures within fourteen (14) days of the court's order and file a joint mid-

4  discovery statement by February 16, 2024. (Doc. No. 17 at 2–3.) On January 30, 2024, Defendant

5  provided its initial disclosures pursuant to the court's order and served Plaintiff with a set of

6  interrogatories and a request for production of documents. (Doc. Nos. 26-1 at ¶¶ 2–3, 32-1 at ¶

7  30.) Plaintiff did not make timely initial disclosures.

8       On February 12 and 14, 2024, defense counsel attempted to meet and confer with

9  Plaintiff's counsel regarding the joint mid-discovery statement. (Doc. No. 26-1 at ¶ 5.) Plaintiff's

10 counsel did not respond to defense counsel's efforts to meet and confer, and on February 16,

11 2024, Defendant filed a mid-discovery statement without Plaintiff's contribution. (Doc. Nos. 18,

12 26-2 at ¶ 5.)

13      On March 8, 2024, defense counsel sent Plaintiff's counsel a formal meet and confer letter

14 regarding Plaintiff's failure to indicate a date for his deposition, produce initial disclosures,

15 respond to Defendant's interrogatories, and respond to Defendant's request for production of

16 documents. (Doc. No. 26-2 at ¶ 6.) That same day, defense counsel also served an initial set of

17 requests for admission on Plaintiff. (*Id.* at ¶ 7.)

18      A week later, Plaintiff served his response to Defendant's request for production of

19 documents. (Doc. No. 32-1 at ¶ 6.) That same day, Plaintiff's counsel emailed defense counsel to

20 explain that Plaintiff was in Europe, and he would serve documents and responses to all

21 outstanding discovery once Plaintiff returned, signed the verifications, and provided the

22 responsive documents to counsel.[2] (*Id.*)

23      On April 16, 2024, Defendant filed a motion to compel discovery, having received none

24 of the discovery Plaintiff's counsel promised. (Doc. No. 20.) Plaintiff did not file a response to

25 Defendant's motion to compel. By April 30, 2024, Plaintiff's counsel provided Defendant with

26 some of Plaintiff's discovery documents, including verified responses to Defendant's requests for

27 _____

28 [2] Plaintiff was diagnosed with a medical condition that requires him to travel frequently to Europe
   to receive medical treatment.

admission without objections, and verified responses to Defendant's special interrogatories. (*Id*. at ¶ 12.) Plaintiff's counsel also advised defense counsel that Plaintiff had given him "additional documents for production and that he expected to produce the documents the following week." (*Id*. at ¶¶ 11–12.)

On May 10, 2024, the court issued an order granting Defendant's motion to compel. (Doc. No. 22.) Therein, the court ordered Plaintiff to make his initial disclosures within seven (7) days of the court's order and to produce documents responsive to Defendant's requests for production within fourteen (14) days of the court's order. (*Id*. at 9.) The court further ordered Plaintiff to file a written status report regarding his compliance with the court's order within fourteen (14) days of the court's order. (*Id*.) The court also ordered Defendant to file and submit its reasonable expenses in making the motion to compel within fourteen (14) days of the court's order. (*Id*.) The court forewarned Plaintiff that if he continues to fail to prosecute his case, comply with court orders, or participate in discovery, he may face serious sanctions, including dismissal. (*Id*. at 6.)

Despite the deadlines set by the court, Plaintiff failed to fully comply with the court's May 10, 2024 order. Specifically, Plaintiff failed to provide a written status report. (Doc. No. 32-1 at ¶ 15.) Plaintiff also did not serve his initial disclosures and produce "a second set of documents" until August 7, 2024—well past the May 17, 2024 deadline set by the court. (*Id*. at ¶ 18.) On May 20, 2024, Defendant submitted its reasonable expenses in making the motion to compel. (Doc. No. 23.) Plaintiff did not respond to Defendant's submission and the court sanctioned Plaintiff's counsel $900.00 for Defendant's reasonable expenses. (Doc. No. 27.)

On June 18, 2024, Defendant filed the pending motion to dismiss for failure to comply with a court order and failure to prosecute. (Doc. No. 26.) Defendant also filed declarations and exhibits in support of that motion. (*Id*.) Plaintiff failed to timely file an opposition or statement of non-opposition to Defendant's motion to dismiss. On July 22, 2024, Defendant filed the pending motion to modify the case schedule. (Doc. No. 28.)

On August 2, 2024, the court issued an order for Plaintiff to show cause why the court should not construe his failure to file a timely opposition as a non-opposition to Defendant's motion to dismiss. (Doc. No. 30.) On August 8, 2024, Plaintiff's counsel filed a declaration in

1    response to the court's show cause order. (Doc. No. 31.) In that declaration, Plaintiff's counsel

2    reported he failed to check the court's local rules and mistakenly calendared an incorrect deadline

3    for filing Plaintiff's opposition. (*Id.* at ¶¶ 15–16.)

4          Later that day, Plaintiff filed an opposition to Defendant's motion to dismiss and a

5    declaration in support of that opposition. (Doc. No. 32.) On August 9, 2024, Plaintiff filed a

6    statement of non-opposition to Defendant's motion to modify the case schedule. (Doc. No. 33.)

7    On August 12, 2024, Defendant filed a reply in support of its motion to dismiss. (Doc. No. 34.)

8    On September 5, 2025, Defendant filed a request for a case management conference and a

9    scheduling order (Doc. No. 41.) In support of its request, Defendant filed a proposed modified

10    scheduling order. (Doc. No. 41-1.)

11                       **LEGAL STANDARD**

12          District courts have the inherent power to control their dockets and "[i]n the exercise of

13    that power they may impose sanctions including, where appropriate . . . dismissal." *Thompson v.*

14    *Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Under Local Rule 110, the failure of a party to

15    comply with any local rule or order of the court may result in the imposition of "any and all

16    sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. The

17    Federal Rules of Civil Procedure also contemplate dismissal as a sanction for failing to comply

18    with an order. Specifically, Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to

19    "dismiss[] the action or proceeding in whole or in part" if a party fails to comply with a discovery

20    order. Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, Rule 41(b) provides that "[i]f [a] plaintiff fails

21    to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

22    action or any claim against it." Fed. R. Civ. P. 41(b).

23          Because "dismissal is a harsh penalty . . . it should only be imposed in *extreme*

24    *circumstances*." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in

25    the original) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)); *see Conn. Gen.*

26    *Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only

27    'willfulness, bad faith, and fault' justify terminating sanctions.") (quoting *Jorgensen v. Cassiday*,

28    320 F.3d 906, 912 (9th Cir. 2003)).

1    The court weighs five factors in deciding whether to dismiss a case as a sanction: (1) the

2    public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

3    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

4    their merits; and (5) the availability of less drastic sanctions. *Allen v. Bayer Corp*. *(In re:*

5    *Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citations

6    omitted). The fifth factor is comprised of three subparts, which include "whether the court has

7    considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party

8    about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096

9    (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

**DISCUSSION**

11   **A.    Defendant's Motions to Dismiss**

12   In its motion to dismiss, Defendant contends that all five factors weigh in favor of

13   dismissal of this case as a sanction. (Doc. No. 26-1 at 11–15.) The court addresses each factor in

14   turn.

15   The first two factors, the public's interest in the expeditious resolution of litigation, and

16   the court's need to manage its docket, favor dismissal of this case. *See In re PPA*, 460 F.3d at

17   1227 (finding the first two factors are "usually reviewed in conjunction"). The public and the

18   court have an overriding interest in securing "the just, speedy, and inexpensive determination of

19   every action." Fed. R. Civ. P. 1; *see Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)

20   ("The public's interest in expeditious resolution of litigation always favors dismissal."); *see also*

21   *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the [c]ourt to

22   manage its docket without being subject to routine noncompliance of litigants.") (citing *Ferdik*,

23   93 F.2d at 1261).

24   Here, Plaintiff was ordered to provide initial disclosures to Defendant on February 8,

25   2024. (Doc. No. 17 at 2.) Instead of timely providing the initial disclosures, Plaintiff provided

26   belated initial disclosures about six months after the deadline. (Doc. No. 32-1 at ¶ 18.) It should

27   be noted those disclosures were not made until after the court granted Defendant's motion to

28   compel, and issued an order for Plaintiff to show cause why this case should not be dismissed.

1    (Doc. Nos. 22, 30.) The court also ordered Plaintiff to produce documents responsive to

2    Defendant's requests for production by May 24, 2024. (Doc. No. 22 at 9.) However, despite the

3    court's order, Plaintiff waited almost three months after the deadline to comply with the order.

4    (Doc. No. 32-1 at ¶ 18.) Further, in an effort to move this case forward, the court ordered Plaintiff

5    to file a written status report in response to the order to compel. (Doc. No. 22 at 9.) However,

6    Plaintiff did not file the written status report. (Doc. No. 32-1 at ¶ 15.)

7        This court has expended time and resources addressing Plaintiff's failures to comply with

8    court orders. This district court in particular has a strong need and interest in managing its docket

9    given the extremely high caseload in this district. Plaintiff's actions have hindered the court's

10   ability to move this case forward and has impaired the public's interest in the expeditious

11   resolution of litigation. Accordingly, consideration of the first two factors weigh in favor of

12   dismissal.

13       Next, because public policy favors disposition of cases on their merits, consideration of

14   the fourth factor weighs against dismissal of Plaintiff's case. *See Hernandez*, 138 F.3d at 399

15   (noting public policy favoring disposition of cases on their merits counsels strongly against

16   dismissal); *see also Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990)

17   ("Where a court order is violated, the first two factors support sanctions and the fourth factor cuts

18   against a default. Therefore, it is the third and fifth factors that are decisive.").

19       Turning to the third factor, the risk of prejudice to Defendant, Plaintiff contends

20   Defendant has not been prejudiced because "Defendant has not been impeded or hampered in any

21   way by any action of Plaintiff." (Doc. No. 32 at 8.) In support of his contention, Plaintiff asserts

22   he responded to all discovery and Defendant has not been prejudiced because it is responsible for

23   some of the delay in this case. (*Id*. at 6–8.) Specifically, Plaintiff argues Defendant "made no

24   effort to communicate about or set Plaintiff's deposition" and Defendant failed to communicate

25   with him and provide "additional efforts to meet and confer" before filing a motion to compel

26   discovery. (*Id*. at 6–7.) Plaintiff contends his failure to obey court orders and respond to

27   Defendant's discovery requests has not been willful, and any delay is due to his serious medical

28   condition. (*Id*. at 8.) He further argues he should not be penalized for his counsel's failures. (*Id*.)

6

The court is sympathetic to Plaintiff's health condition and finds that while Plaintiff was seeking medical treatment outside of the United States, his delay in providing discovery was not unreasonable. Notwithstanding that limited time period of reasonable delay, Plaintiff's excuses for failing to comply with court orders is concerning. However, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Id.* Rather, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Intl. Corp.*, 913 F.2d at 1412 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Defendant argues that dismissal is warranted because its "ability to defend itself in this case has been severely prejudiced" by Plaintiff's actions. (Doc. No. 34 at 2.) Specifically, Defendant asserts it has been prejudiced because Plaintiff's disclosures and production of discovery were provided "extremely late," and, as a result, Defendant has been unable to depose Plaintiff and conduct expert discovery. (Doc. No. 34 at 5.) Defendant also contends Plaintiff's actions have burdened Defendant by forcing it to spend time engaging in "repeated" meet and confer attempts and to file multiple motions seeking court intervention. (Doc. No. 26-1 at 14.)

The court shares Defendant's frustration with Plaintiff's actions; however, Plaintiff's actions have not significantly impaired Defendant's ability to defend this case. As noted above, some of this case's delay can be attributed to Plaintiff's serious medical condition. Additionally, Defendant received the outstanding discovery and will have an opportunity to depose Plaintiff and conduct expert discovery. *Cf. Snowden v. Scott*, No. 22-cv-01444-DJC-SCR, 2025 WL 1635466, at *4 (E.D. Cal. Jun. 9, 2025) *findings and recommendations adopted in* 2025 WL 2106671 (E.D. Cal. Jul. 28, 2025) (finding defendants were prejudiced because the case could not proceed without plaintiff's completed discovery responses).

Accordingly, consideration of the third factor weighs against dismissal of this case.

Lastly, the court must consider whether the fifth factor, the availability of less drastic

1  sanctions, favors dismissal. "[A] district court need not exhaust every sanction short of dismissal

2  before finally dismissing a case, but must explore possible and meaningful alternatives."

3  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. N. Coast Life Ins.*

4  *Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). In moving for terminating sanctions, Defendant argues

5  alternative sanctions are futile because it is likely Plaintiff will continue to not comply with court

6  orders. (Doc. No. 26-1 at 15.) However, Defendant's argument is unconvincing because

7  alternative sanctions to dismissal may still have effect in this case. Although untimely, Plaintiff's

8  production of initial disclosures and discovery responses to Defendant on August 7, 2024,

9  indicate he has not abandoned the litigation. Moreover, Plaintiff's non-opposition to Defendant's

10  motion to modify the case schedule (Doc. No. 33), demonstrates a willingness to move this case

11  forward.

12  　　　Accordingly, consideration of the fifth factor weighs against dismissal of Plaintiff's case.

13  　　　After consideration of the relevant factors and record, the court will deny Defendant's

14  motion to dismiss. However, Defendant is not precluded from seeking sanctions in the future,

15  including terminating sanctions, if Plaintiff fails to comply with future court orders. Plaintiff is

16  cautioned that failure to prosecute his case or strictly comply with court orders will not be

17  tolerated and could result in terminating sanctions.

18  **B.    Defendant's Motion and Request to Modify the Case Schedule**

19  　　　In its July 22, 2024 motion to modify the case schedule, Defendant requests that the court

20  continue all case deadlines. (Doc. No. 28.) Defendant also provides a proposed litigation schedule

21  in its September 5, 2025 request for a case management conference. (Doc. No. 41.) "The decision

22  to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v.*

23  *Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002); *see Certified Nutraceuticals, Inc. v.*

24  *Clorox Co.*, No. 18-cv-00744-TJW-KSC, 2022 WL 623868, at *1 (S.D. Cal. Mar. 3, 2022) ("[t]he

25  Supreme Court 'has long recognized that a district court possesses inherent powers that are

26  governed not by rule or statute but by the control necessarily vested in courts to manage their own

27  affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Dietz v.*

28  *Bouldin*, 579 U.S. 40, 45 (2016)). Federal Rule of Civil Procedure 16(b)(4) provides that the court

1    may modify its scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). This good cause

2    standard "primarily considers the diligence of the party seeking the amendment." *Cont. Assocs.*

3    *Off. Interiors, Inc. v. Ruiter*, No. 07-cv-00334 WBS EFB, 2008 WL 2420586, at *1 n.1 (E.D. Cal.

4    Jun. 12, 2008) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir.

5    1992)) "The pretrial schedule may be modified 'if it cannot reasonably be met despite the

6    diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080,

7    1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).

8           Here, Defendant has demonstrated that despite its diligence, a modification of the

9    schedule is necessary. Moreover, Plaintiff does not oppose Defendant's request to modify the

10   schedule. (Doc. No. 33.) Accordingly, the court will grant Defendant's motion to modify the case

11   schedule. Further, the court will grant Defendant's request to modify the case schedule and will

12   order Plaintiff to file a response to Defendant's proposed schedule.

13                                        **CONCLUSION**

14          For the reasons explained above:

15   1.     Defendant's motion to dismiss due to Plaintiff's failure to comply with a court

16          order and failure to prosecute (Doc. No. 26) is DENIED;

17   2.     Defendant's motion to modify the case schedule (Doc. No. 28) is GRANTED;

18   3.      Defendant's request for a case management conference and a scheduling order

19          (Doc. No. 41) is GRANTED; and

20   4.     Within seven (7) days from the date of entry of this order, Plaintiff shall file a

21          response to the modified scheduling order proposed by Defendant (Doc. No. 41-1).

22

23          IT IS SO ORDERED.

24   Dated:   **September 24, 2025**      _____
                                         Dena Coggins
25                                       United States District Judge

26

27

28

                                              9