UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN LITWIN,<br><br>Plaintiff,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES<br>INSURANCE COMPANY,<br><br>Defendant. | No. 2:23-cv-01885-DC-CSK<br><br>ORDER DISMISSING THIS ACTION DUE<br>TO PLAINTIFF'S FAILURE TO COMPLY<br>WITH COURT ORDERS AND FAILURE TO<br>PROSECUTE |

On November 7, 2025, the court issued an order directing Plaintiff to show cause, within seven days, "why this case should not be dismissed due to Plaintiff's failure to prosecute and failure to comply with the court's order." (Doc. No. 44 at 2.) On November 13, 2025, Plaintiff's counsel John C. McCaslin filed a declaration in response to the court's order to show cause. (Doc. No. 47.) For the reasons discussed below, the court will dismiss this case.

**BACKGROUND**

On August 31, 2023, Plaintiff initiated this action against Defendant. (Doc. No. 1.) Since that time, Plaintiff has repeatedly failed to prosecute this action and comply with court orders. The court summarizes Plaintiff's non-compliance below.

On January 25, 2024, the court issued a scheduling order requiring the parties to make their initial disclosures within fourteen (14) days of the court's order and file a joint mid-discovery statement by February 16, 2024. (Doc. No. 17 at 2–3.) Plaintiff did not make timely

1

initial disclosures and did not contribute to a joint mid-discovery statement as required. (Doc. Nos. 18; 26-2 at ¶ 5.)

On April 16, 2024, Defendant filed a motion to compel discovery requesting Plaintiff be ordered to produce outstanding responses to interrogatories, requests for admissions, production of documents, and initial disclosures. (Doc. No. 20.) Plaintiff did not file a response to Defendant's motion to compel, which the court granted on May 10, 2024. (Doc. No. 22.) In that order, the court noted the difficulties Defendant experienced in trying to obtain dates from Plaintiff's counsel for Plaintiff's deposition in January and February 2024. (*Id*. at 2.) Further, the court ordered Plaintiff to make initial disclosures by May 17, 2024, to produce documents responsive to Defendant's requests for production by May 24, 2024, and file a written status report regarding his compliance with the court's order by May 24, 2024. (*Id*. at 9.) The court forewarned Plaintiff that if he continues to fail to prosecute his case, comply with court orders, or participate in discovery, he may face serious sanctions, including dismissal. (*Id*. at 6.) Despite the deadlines set by the court, Plaintiff failed to fully comply with the court's order.

On June 18, 2024, Defendant filed a motion to dismiss due to Plaintiff's failure to comply with a court order and failure to prosecute this case. (Doc. No. 26.) Plaintiff did not file a timely response to that motion. Thus, Plaintiff also failed to comply with Local Rule 230(c), which requires the responding party to file either an opposition or statement of non-opposition to noticed motions within fourteen days of the service of that motion.

On July 22, 2024, Defendant filed a motion to modify the case schedule. (Doc. No. 28.) Plaintiff likewise failed to timely file an opposition or statement on non-opposition to Defendant's motion to modify the case schedule.

On August 2, 2024, the court issued an order directing Plaintiff to show cause "why the Court should not construe Plaintiff's failure to file a timely opposition as a non-opposition to Defendant's motion and why this case should not be dismissed for failure to prosecute." (Doc. No. 30.) In response, on August 8, 2024, Plaintiff's counsel filed a declaration explaining that he failed to check the court's Local Rules and mistakenly calendared an incorrect deadline for filing Plaintiff's opposition. (Doc. No. 30.) Later that day, Plaintiff filed an opposition to Defendant's

2

motion to dismiss. (Doc. No. 32.) On August 9, 2024, Plaintiff filed a non-opposition to Defendant's motion to modify the case schedule. (Doc. No. 33.)[1] On September 5, 2025, Defendant filed a request for a case management conference and a scheduling order. (Doc. No. 41.) In support of its request, Defendant filed a proposed modified scheduling order. (Doc. No. 41-1.)

On September 24, 2025, the court issued an order granting Defendant's motion to modify the case schedule and denying Defendant's motion to dismiss due to Plaintiff's failure to comply with a court order and failure to prosecute this case. (Doc. No. 43.) Therein, the court recounted in detail Plaintiff's conduct in litigating this case. (*Id*.) In particular, the court noted Plaintiff: (1) failed to follow the court's January 25, 2024 scheduling order; (2) failed to fully comply with the court's May 10, 2024 order granting Defendant's motion to compel; (3) and failed to timely file an opposition or statement of non-opposition to Defendant's motion to dismiss, which led the court to issue an order to Plaintiff to show cause on August 2, 2024. (*Id*. at 2–4.) The court weighed whether dismissal of the case was an appropriate sanction and ultimately denied Defendant's motion to dismiss. (*Id*. at 5–8.) However, the court forewarned Plaintiff "that failure to prosecute his case or strictly comply with court orders will not be tolerated and could result in terminating sanctions." (*Id*. at 8.) Further, Plaintiff was ordered to file a response to a modified scheduling order proposed by Defendant on or before October 1, 2025. (*Id*. at 9.)

Despite the clear warning that failure to prosecute this case or strictly comply with the court's order could result in terminating sanctions, Plaintiff did not file a timely response as required. Three weeks later, on October 22, 2025, the court's courtroom deputy emailed the attorneys of record as a courtesy noting the deadline for Plaintiff to file a response to Defendant's proposed modified scheduling order had expired and asking Plaintiff's counsel if this was "something that can be addressed by the end of the week." (Doc. No. 47 at 10.) That same day, Plaintiff's counsel responded explaining he had not seen the court's order because he was unable to log into his Pacer account. (*Id*. at 9.) Plaintiff's counsel requested a copy of the order by email

---

[1] On October 10, 2024, this case was reassigned to the undersigned district judge. (Doc. No. 38.)

3

and asked if he could have an extension until the end of the following week, October 31, 2025, to file a response. (*Id.*) Despite expressly asking for an extension to file his response by October 31, 2025, Plaintiff did not file a response to the court's order on that date.

On November 7, 2025, the court issued an order directing Plaintiff to show cause, within seven days, why the case should not be dismissed due to Plaintiff's failure to prosecute and failure to comply with the court's order. (Doc. No. 44.) Three days later, Defendant's counsel filed a declaration asserting Defendant continues to be prejudiced by its inability to obtain basic discovery related to this case and reiterating Defendant's position that this case should be dismissed. (Doc. No. 45.) Specifically, Defendant's counsel notes that despite serving a notice of deposition for Plaintiff's deposition to occur on November 7, 2025, Plaintiff never formally objected to the deposition, did not appear for the deposition, and failed to provide a new and/or alternative deposition date. (*Id.* at 2.)

On November 13, 2025, Plaintiff filed a response to Defendant's proposed scheduling order. (Doc. No. 46.) That same day, Plaintiff's counsel filed a declaration in response to the court's November 7, 2025 order to show cause. (Doc. No. 47.) In his declaration, Plaintiff's counsel stated he had not seen the court's order because his Pacer account was inactive, and he was unable to obtain technical assistance despite calling "numerous times and wait[ing] on hold for literally hours." (*Id.* at ¶ 4.) Plaintiff's counsel reported that when he received the court's order from the courtroom deputy, he was able to prepare a response but was still unable to log into Pacer because he was unable to obtain technical assistance. (*Id.* at ¶ 9.) Plaintiff's counsel notes that sometime later he was able to access Pacer's help line and have his account re-activated. (*Id.* at ¶ 10.)

Additionally, Plaintiff's counsel argued Defendant has not been prejudiced in its effort to obtain discovery related to this case because he had "advised counsel *repeatedly* that [Plaintiff] was out of the country, and that [he] would provide alternate dates for his deposition as soon as [he was] able to communicate with [Plaintiff]." (*Id.* at ¶¶ 13, 21) (emphasis in original).

/////

/////

4

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 41(b), courts have the authority to dismiss actions, as a sanction, where a plaintiff has failed to comply with court orders. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992); *see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (noting dismissal for failure to follow a court order under Rule 41(b) "is deemed a sanction for disobedience"). Likewise, the court's Local Rules provide that "[f]ailure of counsel or a party to comply with these Rules or with any order of the [c]ourt may be grounds for imposition by the [c]ourt of any and all sanctions authorized by statute or Rule or within the inherent power of the court." E.D. Cal. Local Rule 110. The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving *sua sponte* dismissals under Rule 41(b)).

Because "dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting *Ferdik*, 963 F.2d at 1260).

The court weighs five factors in deciding whether to dismiss a case as a sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.),* 460 F.3d 1217, 1226 (9th Cir. 2006) (citations omitted). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co.* v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

In addition, "[t]erminating sanctions may be appropriate even if disobedience of the court order is the fault of the party's attorney alone." *Smith v. Cnty. of Sacramento*, No. 19-cv-01426-TLN-CKD, 2021 WL 1985450, at *2 (E.D. Cal. May 18, 2021) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). "A plaintiff cannot avoid dismissal by arguing that he or she is an

5

innocent party who will be made to suffer for the errors of his or her attorney." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990) (citations omitted). "The established principle is that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his or her client." *Id.*

**DISCUSSION**

This court had previously addressed the above five factors in its September 24, 2025 order. (Doc. No. 43 at 5–8.) Therein, the court found the first two factors, the public's interest in the expeditious resolution of litigation, and the court's need to manage its docket, favored dismissal of this case. (*Id.* at 5–6); *see In re PPA*, 460 F.3d at 1227 (finding the first two factors are "usually reviewed in conjunction"). Specifically, the court noted it "ha[d] expended time and resources addressing Plaintiff's failure to comply with court orders," and Plaintiff's actions had "hindered the court's ability to move this case forward and has impaired the public's interest in the expeditious resolution of litigation." (*Id.* at 6.)

Here, Plaintiff's failure to adhere to the court's September 24, 2025 order has only compounded the time and resources this court has had to expend on this case. The court acknowledges Plaintiff's counsel was having issues with his Pacer account, but Plaintiff's counsel had an obligation to keep apprised of developments in this litigation and could have at any time checked the case docket to see the court's order. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, [plaintiff's attorney] remained obligated to monitor the court's docket."); *U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders . . ."). Because Plaintiff's actions continue to hinder the court's ability to move this case forward and impairs the public's interest in the expeditious resolution of litigation, consideration of the first two factors weighs in favor of dismissal.

Next, because public policy favors disposition of cases on their merits, like the court's September 24, 2025 order, consideration of the fourth factor weighs against dismissal of Plaintiff's case. (Doc. No. 43 at 6); *see Hernandez*, 138 F.3d at 399 (noting public policy favoring disposition of cases on their merits counsels strongly against dismissal); *see also Adriana Int'l.*

6

*Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive.").

Turning to the third factor, the risk of prejudice to Defendant, this court had previously found this factor weighed against dismissal. (Doc. 43 at 6–7.) While the court shared Defendant's frustrations with Plaintiff's actions, the court found at that time that Plaintiff's actions had not significantly impaired Defendant's ability to defend this case because Defendant would have an opportunity to depose Plaintiff and "some of this case's delay can be attributed to Plaintiff's serious medical condition." (*Id*. at 7.) However, in light of Plaintiff's failure to provide defendant with alternative dates for Plaintiff's deposition, Defendant has made a stronger showing of prejudice.

Defendant first attempted to obtain deposition dates from Plaintiff's counsel as early as January and February 2024. (Doc. No. 22 at 2.) Defendant later served Plaintiff's counsel with a deposition notice on October 6, 2025, with a date for deposition set on November 7, 2025. (Doc. Nos. 45 at ¶ 7; 47 at ¶ 22.) Plaintiff's counsel never served a formal objection to the noticed deposition date and did not provide an available alternative date. (Doc. No. 45 at ¶ 8.)

This court has acknowledged Plaintiff has a medical condition that requires him to travel frequently to Europe to receive medical treatment, which could reasonably cause some delays in discovery. (Doc. No. 43 at 7, n. 2.) However, it is unclear how Plaintiff's travel to Europe prevents him from communicating with his counsel. Importantly, Plaintiff's counsel notes he "has made numerous attempts to communicate with [Plaintiff]" and that he has been unable to contact him while he is out of the country. (Doc. Nos. 46 at 3; 47 at 4.) Plaintiff's inability to communicate with his counsel to provide even the most basic information, like his availability for a deposition, evidences a substantial unwillingness and/or disinterest on his part in prosecuting this case. This case simply cannot move forward under these conditions. Consequently, the court finds Defendant has been prejudiced by Plaintiff's actions, and consideration of the third factor weighs in favor of dismissal.

Lastly, the court turns to whether the fifth factor, the availability of less drastic sanctions,

7

favors dismissal. "[A] district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)).

Here, the court previously considered and applied lesser sanctions for Plaintiff's failure to prosecute this case and comply with court orders. (*See* Doc. No. 27) (awarding Defendant reasonable expenses to bring a motion to compel Plaintiff's failure to follow the court's scheduling order). The court has also repeatedly forewarned Plaintiff that failure to prosecute this case or comply with the court's order could result in terminating sanctions. (Doc. Nos. 22, 43.) Accordingly, consideration of the fifth factor weighs in favor of dismissal.

After careful consideration of the relevant five factors, the court concludes that dismissal of this case due to Plaintiff's failure to prosecute and failure to comply with court orders is appropriate.

**CONCLUSION**

For the reasons explained above:

1.    This action is dismissed; and

2.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **February 27, 2026**    _____
                                                                  Dena Coggins
                                                                  United States District Judge

8